PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCAH LEWIS, | ) | |
| | ) | CASE NO.  1:23-CV-02252 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| STATE OF OHIO, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondents. | ) | **ORDER** |
| | ) | [Resolving ECF Nos. 9 and 18] |

Pending is Respondent Warden Erin Maldonado's Motion to Dismiss (ECF No. 9) and

Petitioner Rebeccah Lewis's *pro se* Objections (ECF Nos. 18 and 19) to the Report &

Recommendation.  For the reasons below, Petitioner's objections are overruled, the Amended

Report & Recommendation (ECF No. 15) is adopted, Respondent's Motion to Dismiss (ECF No.

9) is granted, and the habeas petition (ECF No. 1) is dismissed.

## I.        Background

Petitioner was indicted by a Richland County Grand Jury of two counts of kidnapping

(Counts 1 and 2), two counts of felonious assault (Counts 3 and 4), two counts of aggravated

robbery (Counts 5 and 6), one count of tampering with evidence (Count 7), and one count of

arson (Count 8).  *See* ECF No. 15 at PageID #: 292.  Trial was continued five times, then a

change-of-plea hearing was scheduled and rescheduled.  ECF No. 15 at PageID #: 292.

Petitioner pled guilty to all counts.  ECF No. 15 at PageID #: 292.  At sentencing, the trial court

"found Count 2 merged with Count 1, Count 4 merged with Count 3, and Count 6 merged with

Count 5" and proceeded with sentencing on Counts 1, 3, and 5.  ECF No. 15 at PageID #: 293.

(1:23CV2252)

"The trial court sentenced [Petitioner] to a minimum term of 11 year to a maximum term of 16.5 years on Count 1, five years on Count 3, to be served consecutively, three years on Count 5, to be served consecutively, and 12 months on Count 7, to be served consecutively, for a total aggregate sentence of 20 years minimum to 25.5 years maximum. ECF No. 15 at PageID #: 293 (citing ECF No. 9-1 at PageID #: 147–56). The "Judgment Entry of Sentence was journalized on July 28, 2021." ECF No. 15 at PageID #: 293.

After receiving an order from the trial court that she was ineligible for appointed counsel on her motion for delayed appeal, Petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal to the state appellate court. ECF No. 15 at PageID #: 293. Petitioner claimed that the delay was due to COVID-19 restrictions, difficulty reaching a public defender, and not being told the appeal deadlines by her trial attorney. ECF No. 15 at PageID ##: 293–94. The State then moved to dismiss, arguing that Petitioner lacked specifics in how the restrictions caused the delay. ECF No. 15 at PageID #: 293. The state appellate court denied Petitioner's motion on July 22, 2022. ECF No. 15 at PageID #: 294.

Petitioner then filed a notice of appeal and motion for leave to file a delayed appeal raising the same issues as she did in the state appellate court in the Ohio Supreme Court. ECF No. 15 at PageID #: 294. The Ohio Supreme Court denied her motion on January 17, 2023.

Petitioner then filed a post-conviction motion under O.R.C. § 2593.21 to the trial court raising five claims for relief alleging ineffective assistance of counsel, violations of due process, and violations of the confrontation clause. ECF No. 15 at PageID #: 294–96. The State filed a memorandum in opposition. ECF No. 15 at PageID #: 296. The trial court denied Petitioner's motion on the merits. ECF No. 15 at PageID #: 296.

2

(1:23CV2252)

Petitioner *pro se* filed the instant petition, dated November 2, 2023.[1]  ECF No. 1 at PageID #: 52.  Petitioner raised twenty-one claims for relief alleging deficiencies in the guilty plea, a biased judge, ineffective assistance of trial and "appellate"[2] counsel, violations of the plea agreement by the State, error by the trial court on consecutive sentences and not merging offenses, a disproportionate and inconsistent sentence, and the lack of a needed *voir dire* hearing.  ECF No. 15 at PageID ##: 297–99 (citing ECF No. 1).  The habeas petition was referred to a magistrate judge for preparation of a report and recommendation, pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2).  *See* Automatic Reference [non-document] dated 11/30/2023.  On March 15, 2024, Respondent filed a Motion to Dismiss arguing the petition was time-barred.  ECF No. 9.  Petitioner responded in opposition.  ECF No. 11.  The Magistrate Judge issued a Report (ECF No. 13) and then an Amended Report (ECF No. 15), both recommending the Petition (ECF No. 1) be denied as time-barred.

Petitioner objected to the Amended Report & Recommendation on August 20, 2024.  ECF No. 18.  Petitioner argued, once again, deficiencies in and noncompliance with the plea agreement, ineffective assistance of trial and appellate counsel, and COVID-19 restrictions causing her delay.  ECF No. 18.  Petitioner did not raise any new reasons or arguments about why she should not be time-barred, or why equitable tolling should apply.

---

[1] Under the prison mailbox rule, the date for a *pro se* petition is "the time petitioner delivered [the filing] to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988).  *See also* Am. R&R, ECF No. 15 at PageID #: 296 n.2.  As a result, the Court will date all filings from Petitioner to the date provided in the document rather than the date it was entered onto the docket.

[2] Petitioner was not assigned appellate counsel by the trial court due to her delayed filling.  Petitioner alleges that the trial counsel told her that "he would continue his representation to fulfill any other obligations which he failed to fulfill" (ECF No. 18 at PageID #: 324) which Petitioner appears to have understood to mean that trial counsel would act as appellate counsel.

3

(1:23CV2252)

## II.    Standard of Review

When a petitioner objects to a magistrate judge's Report and Recommendation, the

district court's standard of review is *de novo*.   Fed. R. Civ. P. 72(b)(3).  A district judge:

> must determine de novo any part of the magistrate judge's
> disposition that has been properly objected to. The district judge
> may accept, reject, or modify the recommended disposition; receive
> further evidence; or return the matter to the magistrate judge with
> instructions.

*Id.*  Importantly, objections "must be specific in order to trigger the de novo review." *Bulls v.*

*Potter*, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (citing Fed. R.

Civ. P. 72(b)(2)).   "An 'objection' that does nothing more than state a disagreement with a

magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before,

is not an 'objection' as that term is used in this context." *Spring v. Harris*, No. 4:18-CV-2920,

2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d

743, 747 (N.D. Ohio 2022)).   "A party disappointed with the magistrate judge's recommendation

has a 'duty to pinpoint those portions of the magistrate's report that the district court must

specially consider.'" *Spring*, No. 4:18-CV-2920, 2022 WL 854795, at *4. (quoting *Enyart v.*

*Coleman*, 29 F. Supp. 3d 1059, 1068 (N.D. Ohio July 11, 2014)).   "A general objection to the

entirety of [a Report and Recommendation]" or "an exact recitation of arguments previously

raised" will fail to "meet the specificity requirement for objections." *Bulls*, No. 5:16-CV-02095,

2020 WL 870931, at *1.

Pursuant to 28 U.S.C. § 2254(d), as amended, of the Antiterrorism and Effective Death

Penalty Act ("AEDPA"), a writ of habeas corpus may not be granted unless the state court

proceedings: (1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the

(1:23CV2252)

United States; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d)(1)–(2); *see also Wilson v. Sheldon*, 874 F.3d 470, 474–75 (6th Cir. 2017).

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  "A federal court may not issue the writ on the basis of a perceived error of state law." *Nguyen v. Warden, N. Cent. Corr. Inst*., No. 19-3308, 2019 WL 4944632, at *4 (6th Cir. July 24, 2019) (quoting *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).  Because state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters.  *See Mason v. Nagy*, No. 21-1040, 2021 WL 6502177, at *3 (6th Cir. July 27, 2021) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

*Pro se* habeas corpus pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed.  *See Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).  Nonetheless, Petitioner must prove his allegations by a preponderance of the evidence.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### III.    Discussion

*A.    Petitioner's objections fail to meet the specificity requirement.*

Petitioner's "objections" are recitations of the claims previously brought.  "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995)).  "In addition, an exact

5

(1:23CV2252)

recitation of arguments previously raised also fails to meet the specificity requirement for objections." *Bulls*, Case No. 5:16-cv-02095, 2020 WL 870931, at *1 (citing *Cannon v. Potter*, No. 1:16-cv-1849, 2019 WL 4315931, at *3 (N.D. Ohio Sept. 12, 2019)).  The arguments Petitioner raised in her Objections are deficiencies in and noncompliance with the plea agreement, ineffective assistance of trial and appellate counsel, and COVID-19 restrictions; these were all arguments considered by the Magistrate Judge in drafting the Amended Report & Recommendation.  Thus, Petitioner's Objections fail to meet the specificity requirement and are tantamount to a complete failure to object.

    B. *The Petition is time-barred.*

        Under 28 U.S.C. § 2244, AEDPA provides a one-year period of limitations starting from "the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner's sentence was journalized by the state trial court on July 28, 2021 and Ohio App. R. 4(A) provides thirty days to appeal from the "final" order.  Under Ohio law, "a judgment of conviction is a final appeal order when the judgment entry sets forth: '(1) the facts of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.'"  *See* Am. R&R, ECF No. 15 at PageID #: 301 (collecting cases).  Thus, the order was "final" on July 28, 2021, the time for seeking such review ended August 27, 2021, and AEDPA's one-year period of limitations began August 27, 2021.

        Petitioner filed for delayed appeal on May 31, 2022, was denied July 22, 2022, then again with the Ohio Supreme Court on November 10, 2022 and denied January 17, 2023.  ECF No. 15 at PageID #: 302.  Between the expiration of Petitioner's time to seek review, August 27, 2021, to the date that Petitioner filed her first delayed appeal, May 31, 2022, is 276 days.  ECF No. 15

(1:23CV2252)

at PageID #: 302.[3]  Although AEDPA tolls the one-year limitation period "during the time 'a

*properly filed* application for State postconviction or other collateral review is pending," an

application is not considered "properly filed" if it has "been rejected by the state court as

untimely." ECF No. 15 at PageID #: 303 (citing 28 U.S.C. § 2244(d)(2) *and Pace v.

DiGuglielmo*, 544 U.S. 408 (2005)) (cleaned up).  Additionally, "Section 2244(d)(2)'s tolling

provision 'does not 'revive' the limitations period (i.e., restart the clock at zero); it can only

serve to pause a clock that has not yet fully run." ECF No. 15 at PageID #: 303 (citing *Vroman

v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)) (ellipses omitted).  Petitioner's motion with the

state appellate court was denied as untimely; Petitioner's motion for leave to file a delayed

appeal with the Ohio Supreme Court was denied. ECF No. 15 at PageID #: 304.  The statute of

limitations remained tolled for an additional 90-day period, from January 18, 2023 until April 18,

2023, to allow an appeal from the Ohio Supreme Court's denial to the United States Supreme

Court. ECF No. 15 at PageID #: 304.  Petitioner then filed the instant petition on November 2,

2023.  The time between her filing of this instant petition and the time that the 90-period ended is

198 days.

Combining the time between (1) the end of Petitioner's time to seek direct review to her

filing of her delayed appeal, and (2) the end of Petitioner's 90-day period to seek review by the

United States Supreme Court to the instant petition, the Court finds the Petition is untimely.  The

total time is 276 days plus 198 days which is 474 days.  474 days is over the AEDPA one-year

---

[3] In the Amended Report & Recommendation, the sentence reads: "Therefore, the elapsed time between July 29, 2021 and May 31, 2022, the date of Lewis's motion for delayed appeal to the state appellate court, is 276 days."  Although the sentence states July 29, 2021, the Court finds, by doing its own calculation, that the time from the expiration for Petitioner to seek direct review to the filing of her delayed appeal is 276 days.  The calculation therefore stands.

(1:23CV2252)

limit (365 days) to file a petition.  Thus, "[u]nless equitable tolling is appropriate, [the Petition]

should be dismissed as time-barred" and Respondent's Motion to dismiss should be granted.

ECF No. 15 at PageID #: 304.

     C.  *Equitable tolling or actual innocence does not apply.*

     Equitable tolling and actual innocence do not apply here.  To start, Petitioner does not

raise the argument of actual innocence anywhere in her Petition or Objections.  As for equitable

tolling, it is a "doctrine [ ] granted by courts only 'sparingly.'" ECF No. 15 at PageID #: 305

(citing *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)).  Equitable tolling applies

"when a litigant's failure to meet a legally-mandated deadline unavoidably arose from

circumstances beyond that litigant's control." *Robertson*, 624 F.3d at 783.  Equitable tolling is a

judicial doctrine and "the petitioner bears the ultimate burden of persuading the court that he or

she is entitled to equitable tolling."  ECF No. 15 at PageID #: 305 (citing *Ata v. Scutt*, 662 F.3d

736, 741 (6th Cir. 2011)).  "To be entitled to equitable tolling, a habeas petitioner must establish

that (1) he or she has been pursuing their rights diligently; and (2) some extraordinary

circumstance stood in the way and prevented timely filing."  ECF No. 15 at PageID #: 305

(citing *Holland v. Florida*, 560 U.S. 631, 653–54 (2010)).

     The Court finds Petitioner is not entitled to equitable tolling.  Considering the excessive

delay in Petitioner's filings, the Court does not find that she has pursued her rights diligently.

*See e.g.*, *Vroman*, 346 F.3d at 605.  Furthermore, while Petitioner states COVID-19 restrictions

and lack of response from her attorney as "extraordinary circumstances" which prevented timely

filing, the Court does not find that to be the case.  Petitioner does not "demonstrate [why] the

pandemic specifically prevented [her] from timely filing" and the facts she provides are general

allegations of lack of access experienced by any other inmate during the pandemic.  ECF No. 15

8

(1:23CV2252)

at PageID #: 308–09 (noting Petitioner's arguments of lack of library access, delay in transfers, and confinement to the general population). "Prison transfers, lockdowns, segregation, and limited law library access are normal aspects of prison life, not extraordinary ones." *Sessoms v. Howard*, Case No. 2:24-CV-11275, 2024 WL 3448462, at *5 (E.D. Mich. July 17, 2024) (citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750–51 (6th Cir. 2011)). Petitioner's argument about legal assistance is also insufficient to demonstrate entitlement to equitable tolling. *See id.* (citing *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Petitioner does not meet her burden and is not entitled to equitable tolling.

## IV.    Conclusion

Accordingly, the Amended Report & Recommendation (ECF No. 15) is adopted, Petitioner's Objections (ECF Nos. 18 and 19) are overruled, and Respondent's Motion to Dismiss (ECF No. 9) is granted. The Petition (ECF No. 1) is dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).


IT IS SO ORDERED.


March 28, 2025                                          /s/ Benita Y. Pearson
Date                                                   Benita Y. Pearson
                                                       United States District Judge

9